No. 23-13807

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

Jeanne Weinstein, individually and on behalf of

all others similarly situated under 29 U.S.C. 216(b),

Plaintiffs – Appellants,

v.

440 CORP. d/b/a The Ridge Great Steaks & Seafood and Stephen Campbell,

Defendants – Appellees

On Appeal from the United States District Court

for the Northern District of Georgia

No. 2:19-cv-00105

## APPELLANTS' RESPONSE TO JURISDICTIONAL QUESTIONS

Drew N. Herrmann
HERRMANN LAW, PLLC
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: (817) 479-9229
Fax: (817) 541-7457

*Attorney for Plaintiffs-Appellants*

*Jeanne Weinstein, et al. v. 440 Corp., et al.*

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT

Pursuant to F.R.A.P. 26.1 and 11th Cir. R. 26.1-1, the undersigned counsel hereby discloses the following trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock:

1.  Bell, Steven Duane (Opt-in Plaintiff/Appellant)

2.  Bock, Denise (Opt-in Plaintiff/Appellant)

3.  Bortz, Jusstina (Opt-in Plaintiff/Appellant)

4.  Bowen, Jason (Opt-in Plaintiff/Appellant)

5.  Burkett, Danielle (Opt-in Plaintiff/Appellant)

6.  Burks, Nicole (Opt-in Plaintiff/Appellant)

7.  Campbell, Stephen (Defendant-Appellee)

8.  Cope, James (Opt-in Plaintiff/Appellant)

9.  Corabi, Taryn (Opt-in Plaintiff/Appellant)

10. Corley, Madison (Opt-in Plaintiff/Appellant)

11. Crane, Jessica (Opt-in Plaintiff/Appellant)

12. Dermen, Stephanie (Opt-in Plaintiff/Appellant)

13. Gamble, Caitlin A. (Opt-in Plaintiff/Appellant)

14. Glenn, Kason (Opt-in Plaintiff/Appellant)

15. Gordon Rees Scully Mansukhani, LLP (Defendant-Appellee's Counsel)

16. Hanson, Thomas (Opt-in Plaintiff/Appellant)

17. Harvey, Marcol D. (Defendant-Appellee's Counsel)

18. Head, Andrew C. (Plaintiff's Counsel in District Court proceeding)

19. Herrmann, Drew N. (Appellant's Counsel)

20. Herrmann Law, PLLC (Appellant's Counsel)

21. Howie, Tamara (Opt-in Plaintiff/Appellant)

22. Hunter, Angela (Opt-in Plaintiff/Appellant)

23. Jorgensen, Brock (Opt-in Plaintiff/Appellant)

24. Mayer, Britteny (Opt-in Plaintiff/Appellant)

25. Moss, Brady (Opt-in Plaintiff/Appellant)

26. Nilsson, Mary Anna Katherine (Opt-in Plaintiff/Appellant)

27. Parsons, Kyle (Opt-in Plaintiff/Appellant)

28. Salerno, Vincenzo (Opt-in Plaintiff/Appellant)

29. Schreiman, Donald (Opt-in Plaintiff/Appellant)

30. Sherwood, Jodie (Opt-in Plaintiff/Appellant)

31. Shultz, Chad A. (Defendant-Appellee's Counsel)

32. Story, Honorable Richard w. (District Court Judge)

33. Wagoner, Mary (Opt-in Plaintiff/Appellant)

34. Watson, Tyler (Opt-in Plaintiff/Appellant)

35. Weinstein, Jeanne (Named Plaintiff-Appellant)

36. 440 Corp. d/b/a The Ridge Great Steaks and Seafood (Defendant-Appellee)

## T<small>ABLE OF</small> C<small>ONTENTS</small>

**Page(s)**

Table of Contents ................................................... i

Introduction.......................................................1

    I.     The District Court's order dismissing five of the opt-in plaintiffs was valid................................................. 2

    II.    The district court entered a final judgment and disposed of all claims and parties in the case. ............................. 9

    III.   Because Opt-in Plaintiffs Jason Bowen and Tyler Watson filed consents to join the lawsuit [Doc. 1-1 at ECF pp. 3, 5], they have standing to appeal. ...................................... 11

Conclusion.......................................................12

Certificate of Compliance ...................................... 16

Certificate of Service............................................ 17

# Table of Authorities

**Cases**                                                                                                                    **Page(s)**

*Baez v. Comm'r of Soc. Sec.*,
    760 F. App'x 851 (11th Cir. 2019) .............................................................. 9, 10

*Bankers Tr. Co. v. Mallis*,
    435 U.S. 381, 98 S. Ct. 1117, 55 L. Ed. 2d 357 (1978) ................................... 9-10

*Bao Yu Yang v. Taste of N. China, Ltd.*,
    No. 19-09392, 2023 U.S. Dist. LEXIS 2477 (D.N.J. Jan. 6, 2023) .................... 6

*Bell v. Keystone RV Co. (In re Fema Trailer Formaldahyde Prods. Liab. Litig.)*,
    628 F.3d 157 (5th Cir. 2010) ....................................................................... 3-4, 9

*Devries v. Morgan Stanley & Co.*
    Llc, No. 12-81223, 2015 U.S. Dist. LEXIS 149643 (S.D. Fla. Oct. 30, 2015) ..... 5

*Duke v. Harvest Hospitalities, Inc.*,
    No. 2:20-00865, 2021 U.S. Dist. LEXIS 177091 (W.D. Pa. Sep. 17, 2021) ........ 6

*Esteva v. Ubs Fin. Servs. Inc.  (In re* Esteva*)*,
    60 F.4th 664 (11th Cir. 2023) ....................................................................... 7, 13

*Fox v. Tyson Foods, Inc.*,
    519 F.3d 1298 (11th Cir. 2008) ............................................................... 4, 12-13

*Genesis HealthCare Corp. v. Symczyk*,
    569 U.S. 66, 133 S. Ct. 1523 (2013) ................................................................. 11

*Hipp v. Liberty Nat'l Life Ins. Co.*,
    252 F.3d 1208 (11th Cir. 2001) ................................................................... 4, 13

*Joseph v. Pacesetter Personnell Serv.*,
    No. 21-23539, 2022 U.S. Dist. LEXIS 108102 (S.D. Fla. June 16, 2022) .......... 5

*Klay v. United Healthgroup, Inc.*,
    376 F.3d 1092 (11th Cir. 2004) ............................................................... 7, 8, 13

*Loose v. N. Wildwood City*,
    Civil No. 10-658, 2012 U.S. Dist. LEXIS 18005 (D.N.J. Feb. 14 2012) ............. 6

*Mancuso v. Fla. Metro. Univ., Inc.*,
    No. 09-61984, 2010 U.S. Dist. LEXIS 151565, 2010 WL 11549395 at *1 ............ 5

*McMurray v. Formel D*,
    No. 2:19-cv-00548, 2021 U.S. Dist. LEXIS 259765 (N.D. Ala. July 20, 2021) ... 5

*Mickles v. Country Club Inc.*,
    887 F.3d 1270 (11th Cir. 2018) ................................................................... *passim*

*Nail v. Shipp*,
    No. 17-CV-00195, 2018 U.S. Dist. LEXIS 199920 (S.D. Ala. Nov. 26, 2018) .... 5

*Prickett v. DeKalb County*,
    349 F.3d 1294 (11th Cir. 2003) ...................................................................... 11-12

*Rafferty v. Denny's, Inc.*,
    13 F.4th 1166 (11th Cir. 2021) ........................................................................... 4

*Rafferty v. Denny's, Inc.*,
    No. 20-13715-BB, 2021 U.S. App. LEXIS 20180 (11th Cir. July 7, 2021) ..... 4, 12

*Rosell v. VMSB, Ltd. Liab. Co.*,
    67 F.4th 1141 (11th Cir. 2023) .................................................................. *passim*

*Scott v. Chipotle Mexican Grill, Inc.*,
    No. 12-CV-08333, 2015 U.S. Dist. LEXIS 175727 ............................................ 6

*Serino v. Enhanced Recovery Co.*,
    LLC, 2017 U.S. Dist. LEXIS 218873, 2017 WL 11048878 ................................ 5

*Theriot v. ASW Well Service, Inc.*,
    951 F.2d 84 (5th Cir. 1992) ............................................................................. 10

*Zeffiro v. First Pa. Banking & Trust Co.*,
    82 F.R.D. 31 (E.D. Pa. 1979) ............................................................................ 6

**Statutes**

29 U.S.C. § 216 ............................................................ 1, 2, 11, 14

28 U.S.C. § 1291 ................................................................ 9

**Rules**

11th Cir. R. 26.1-1 ............................................................. 1

F.R.A.P. 26.1 ..................................................................... 1

F.R.A.P. 32 ....................................................................... 16

Fed. R. Civ. P. 15 .............................................................. 6

Fed. R. Civ. P. 41 ........................................................ *passim*

INTRODUCTION

Appellants file this response to the Court's December 11, 2023 Jurisdictional Questions, and respectfully submit that this Court has appellate jurisdiction.

First, the District Court's November 10, 2020 order dismissing Adelle Drake, Tonya Gonzalez, Charles Lewis, Karla Schroth, and Arica Legan (collective, the "five opt-in plaintiffs") was valid. The Eleventh Circuit's decisions in *Klay* and *Rosell* do not impact the validity of the dismissal or the finality of the judgment the District Court rendered in this case. Unlike *Klay* and *Rosell* where the parties purported to dismiss an individual cause of action utilizing Rule 41(a), here the District Court dismissed all claims brought by the five opt-in plaintiffs from lawsuit entirely. Because the District Court's Order dismissing the five opt-in plaintiffs was valid, this Court has appellate jurisdiction.

Second, notwithstanding the validity of the District Court's order dismissing the five opt-in plaintiffs, this Court has appellate jurisdiction because the District Court intended to dispose of all claims and parties, and its judgment was final. *See* [Doc. 176 at ECF p. 13] ("Based on the foregoing, the Court finds in favor of Defendants and hereby **ORDERS** that **JUDGMENT** be entered in favor of Defendants and against Plaintiffs."); [Doc. 177] (Judgment entered by Clerk); Cf. *Rosell v. VMSB, Ltd. Liab. Co.*, 67 F.4th 1141, 1143 (11th Cir. 2023) ("Because the

parties here attempted to use Rule 41(a) to dismiss a single count and not an entire lawsuit, a final judgment was never rendered. We thus lack jurisdiction to hear this appeal, so we dismiss it.").

Finally, Appellants/Opt-in Plaintiffs Jason Bowen and Tyler Watson filed their written consents to join the lawsuit with the District Court [Doc. 1-1 at ECF pp. 3, 5], which is all that was required for them to become parties under the FLSA. *See* 29 U.S.C. 216(b); *see also Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("The plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required."). Therefore, opt-in plaintiffs Bowen and Watson are parties to this action and have standing to appeal.

## I. The District Court's order dismissing five of the opt-in plaintiffs was valid.

The District Court's order dismissing some of the FLSA opt-in plaintiffs in this case was valid and enforceable even though the claims of the Named Plaintiff and the other opt-in plaintiffs were not dismissed. *Cf. Mickles*, 887 F.3d at 1278 (11th Cir. 2018) (discussing proper procedure for dismissing opt-in plaintiffs).

Here, five of the opt-in plaintiffs—who no longer wanted to pursue their claims—filed a motion requesting that they be dismissed from the lawsuit pursuant to Rule 41(a)(2). *See* [Doc. 67 at ECF p. 2] (opt-ins "Drake, Gonzalez, Lewis, and

Schroth have each requested to withdraw their consents and request[]" that they be "dismiss[ed . . .] from this lawsuit."); [Doc. 71 at ECF p. 2] ("Lehan has requested to withdraw her consent and has requested to be dismissed from this lawsuit.").

In response, Defendants agreed to the requested dismissal of the five opt-in plaintiffs, however, Defendants requested that their dismissal be with prejudice. Defs' Resp., [Doc. 73 at ECF pp. 1-2] ("Defendants do not object to the dismissal of these Opt-In parties. However, we respectfully request this Court to dismiss with prejudice.").

Thereafter, the District Court noted Defendants were "no[t] oppos[ed] to the dismissal" and were only requesting the "dismissal be with prejudice[,]" and then dismissed the five opt-in plaintiffs without prejudice. *See* [Doc. 84] (granting plaintiffs' motions and dismissing opt-in Plaintiffs Drake, Gonzalez, Lewis, Schroth, and Lehan without prejudice).

Although the District Court's order did not dismiss all the plaintiffs in the lawsuit, that does not make the order dismissing the five opt-in plaintiffs invalid under Rule 41(a). That is because Rule 41(a) does not require dismissal of all plaintiffs for an order dismissing one plaintiff to be valid. Cf. *Mickles*, 887 F.3d at 1278 (11th Cir. 2018) (discussing proper procedure to dismiss opt-in plaintiffs); *Bell v. Keystone RV Co. (In re Fema Trailer Formaldahyde Prods. Liab. Litig.)*, 628 F.3d 157,

163 (5th Cir. 2010) (holding where one plaintiff seeks dismissal under Rule 41(a)(2), "[t]he prejudice to co-plaintiffs may also be considered.").

The Eleventh Circuit has held in other cases brought under the FLSA, that it is appropriate for a district court to dismiss opt-in plaintiffs from the litigation. *See e.g., Mickles*, 887 F.3d at 1280 (11th Cir. 2018) (holding generally where case a case does not proceed collectively "existing opt-in plaintiffs are dismissed from the lawsuit without prejudice and the matter proceeds on the named plaintiff's individual claims.") (citing *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008) (explaining when district court denied certification of an FLSA collective action, it allowed the named plaintiffs' claims to go forward and dismissed the opt-in plaintiffs without prejudice); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (suggesting opt-in plaintiffs should be dismissed without prejudice in an FLSA collective action that is decertified)); *also compare, Rafferty v. Denny's, Inc.*, No. 20-13715-BB, 2021 U.S. App. LEXIS 20180, at *5 (11th Cir. July 7, 2021) (remanding to district court because "the district court never explicitly dismissed the opt-in plaintiffs."), *with, Rafferty v. Denny's, Inc.*, 13 F.4th 1166 (11th Cir. 2021) (deciding case on merits after district court entered an order explicitly dismissing the opt-ins on remand).

Moreover, "[d]istrict courts in the Eleventh Circuit have applied Federal Rule of Civil Procedure 41(a) to [dismiss] FLSA opt-in plaintiffs." *Joseph v. Pacesetter Personnell Serv.*, No. 21-23539, 2022 U.S. Dist. LEXIS 108102, at *11-12 (S.D. Fla. June 16, 2022) (citing *Serino v. Enhanced Recovery Co., LLC*, 2017 U.S. Dist. LEXIS 218873, 2017 WL 11048878, at *1 n.1 (M.D. Fla. Feb. 9, 2017); *Devries v. Morgan Stanley & Co. Llc*, No. 12-81223, 2015 U.S. Dist. LEXIS 149643, at *12-13 (S.D. Fla. Oct. 30, 2015) ("opt-in plaintiffs are party plaintiffs and are required to comply with Federal Rule of Civil Procedure 41 to withdraw from a case."); *see also, Mancuso v. Fla. Metro. Univ., Inc.*, No. 09-61984, 2010 U.S. Dist. LEXIS 151565, 2010 WL 11549395 at *1 (S.D. Fl. Sept. 17, 2010); *Nail v. Shipp*, No. 17-CV-00195-KD, 2018 U.S. Dist. LEXIS 199920, at *3 (S.D. Ala. Nov. 26, 2018) (finding "none of the Defendants have voiced any opposition to [an opt-in plaintiff's] voluntary dismissal request, and [ ] it does not appear that [the opt-in plaintiff's] requested dismissal will have any impact on the claims of the remaining [p]laintiffs[,]" and therefore, the opt-in plaintiff's "request is [] granted pursuant to Fed. R. Civ. P. 41(a)(2)."); *McMurray v. Formel D*, No. 2:19-cv-00548, 2021 U.S. Dist. LEXIS 259765, at *7 (N.D. Ala. July 20, 2021) (granting "the plaintiffs' request that [some of the] Opt-In Plaintiffs be voluntarily dismissed pursuant to Rule 41(a)(2)".)

Numerous district courts outside the Eleventh Circuit have also applied Rule 41(a) to permit dismissal of fewer than all plaintiffs in an action. *See e.g., Duke v. Harvest Hospitalities, Inc.*, No. 2:20-CV-00865, 2021 U.S. Dist. LEXIS 177091, at *14 (W.D. Pa. Sep. 17, 2021) ("the Court will grant Plaintiff's Motion and dismiss without prejudice the [subset of FLSA] opt-in plaintiffs who did not work in the restaurants in the Pittsburgh and Harrisburg area."); *Id.* at *6 n.5 (citing *Loose v. N. Wildwood City*, Civil No. 10-658, 2012 U.S. Dist. LEXIS 18005, at *3-4 (D.N.J. Feb. 14 2012); *Zeffiro v. First Pa. Banking & Trust Co.*, 82 F.R.D. 31, 32-33 (E.D. Pa. 1979) (granting unopposed motion of one of three plaintiffs to withdraw in her capacities as both plaintiff and class action representative); *see also* 8 James Wm. Moore, Moore's Federal Practice, § 41.13(6) (2021) ("Rule 41 overlaps with Rule 15(a) to the extent that a plaintiff can effectively amend the pleading by dismissing particular parties or claims from the action."); *id.* at § 41.21(3)(b)); *Bao Yu Yang v. Taste of N. China, Ltd.*, No. 19-09392, 2023 U.S. Dist. LEXIS 2477, at *8 (D.N.J. Jan. 6, 2023) (As it relates to the dismissal of an opt-in plaintiff under the FLSA, "courts have generally applied the standards for voluntary dismissal set forth in Fed. R. Civ. P. 41(a).") (citations omitted); *Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-08333, 2015 U.S. Dist. LEXIS 175727, at *229, 234 (S.D.N.Y. July 31, 2015) (noting some of the opt-in "plaintiffs seek to withdraw their claims under Rule 41(a)(2)" and

finding "the withdrawing plaintiffs' FLSA claims should be dismissed without prejudice.").

Although Rule 41(a) refers to dismissing an "action," the Eleventh Circuit has held that Rule 41(a) permits dismissal of one defendant even if the case continues against other defendants. *See e.g., Rosell*, 67 F.4th at 1144 n.2 (11th Cir. 2023) ("Our Circuit has recognized that Rule 41(a) allows a district court to dismiss all claims against *a particular defendant. Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Esteva v. Ubs Fin. Servs. Inc. (In re Esteva)*, 60 F.4th 664, 677 (11th Cir. 2023). But that exception (if it can be called that) is compatible with the rule's text because in a multi-defendant lawsuit, an "action" can refer to all the claims against one party. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 & n.14 (4th ed. 2023 update).") (emphasis in original). In other words, Rule 41(a) does not require that all defendants in a lawsuit be dismissed at once, but instead permits dismissal of a single defendant so long as all claims against that defendant are dismissed at once.

This same reasoning and application of Rule 41(a) applies to cases, like the current case, involving multiple plaintiffs. Similar to a single defendant being dismissed from an action, a single plaintiff who dismisses all of his or her claims against the defendant(s) is said to be dismissing their entire action (i.e. the entire

brought by that plaintiff). Therefore, based on this Court's interpretation and application of Rule 41(a) as permitting a single defendant to be dismissed from an action, the same reasoning permits a single plaintiff to dismiss all of his or her claims in a multi-plaintiff action, even if the claims of the other plaintiffs remain pending before the court.

The key factor under Rule 41(a) is that all of the claims brought by or against a party be dismissed (i.e. the entire action as it relates to the party being dismissed). Here, the District Court dismissed all of the claims brought by the five opt-in plaintiffs, which is valid and distinguishable from *Klay* and *Rosell* where this Court held that a Rule 41(a) dismissal is invalid where it purports to dismiss less than all of the claims asserted by a party. Cf. *Klay*, 376 F.3d at 1106 (11th Cir. 2004) (holding a dismissal under Rule 41(a) of only part of the claims a party has asserted is invalid); *Rosell*, 67 F.4th at 1144 (11th Cir. 2023) (same).

In *Rosell,* for instance, this Court dismissed an appeal for lack of jurisdiction because, unlike here, the district court entered an order purporting to dismiss some of the claims asserted by the plaintiffs pursuant to Rule 41(a). *Rosell*, 67 F.4th at 1144 (11th Cir. 2023). This Court held that the order dismissing certain *claims* pursuant to Rule 41(a) was invalid, and thus the Court lacked appellate jurisdiction. *Id*. In reaching its conclusion, this Court held that where a party seeks to dismiss only part

of the causes of action they have asserted, the appropriate procedure to do so is through a motion to amend the complaint, not a motion to dismiss pursuant to Rule 41(a). *Id.*

Nothing in Rule 41(a) prohibits dismissal all claims asserted by just one plaintiff so long as the procedural requirements are followed. *See Bell*, 628 F.3d at 163 (5th Cir. 2010) (holding district court appropriately considered any prejudice caused to co-plaintiffs in an action where one of the plaintiffs sought dismissal from the action pursuant to Rule 41(a)). Those requirements were followed here, as there was a court order dismissing the opt-in plaintiffs from the entire action. *See Mickles*, 887 F.3d at 1280 (11th Cir. 2018) (discussing how to properly dismiss opt-in plaintiffs).

Accordingly, the district court's order dismissing some of the opt-in plaintiffs from this FLSA collective action, while leaving the Named Plaintiff's and other opt-in plaintiffs' claims intact, was valid. Therefore, this Court has appellate jurisdiction.

## II. The district court entered a final judgment and disposed of all claims and parties in the case.

"The Supreme Court has instructed [courts to] consider, in assessing [] jurisdiction under § 1291, the intent of the district court with respect to finality." *Baez v. Comm'r of Soc. Sec.*, 760 F. App'x 851, 854 n.3 (11th Cir. 2019) (citing *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 385 n.6, 98 S. Ct. 1117, 55 L. Ed. 2d 357 (1978) ("Even

if a separate judgment is filed, the courts of appeals must still determine whether the district court intended the judgment to represent the final decision in the case.").

Here, the District Court held a bench trial and clearly intended for its Findings of Fact and Conclusions of Law to be a final judgment. *See* [Doc. 176 at ECF p. 13] ("Based on the foregoing, the Court finds in favor of Defendants and hereby **ORDERS** that **JUDGMENT** be entered in favor of Defendants and against Plaintiffs."); [Doc. 177] (Judgment entered by Clerk); *compare with, Rosell*, 67 F.4th at 1143 (11th Cir. 2023) ("Because the parties here attempted to use Rule 41(a) to dismiss a single count and not an entire lawsuit, a final judgment was never rendered. We thus lack jurisdiction to hear this appeal, so we dismiss it."). The Findings of Fact and Conclusions of Law disposed of the claims and parties and the District Court entered "JUDGMENT [] in favor of Defendants and against Plaintiffs." [Doc. 176 at ECF p. 13].

Therefore, unlike *Rosell* where the district court did not enter a final judgment, here, the District Court did enter a final judgment and intended it to be final. *See e.g., Baez v. Comm'r of Soc. Sec.*, 760 F. App'x 851, 854 n.3 (11th Cir. 2019); *Theriot v. ASW Well Service, Inc.*, 951 F.2d 84, 87 (5th Cir. 1992) (dismissing an appeal for lack of jurisdiction where, unlike here, the district court "did not enter a separate judgment from which an appeal might be taken"). Because the District Court's

Findings of Fact and Conclusions of Law and Judgment were final, this Court has appellate jurisdiction.

### III. Because Opt-in Plaintiffs Jason Bowen and Tyler Watson filed consents to join the lawsuit [Doc. 1-1 at ECF pp. 3, 5], they have standing to appeal.

Under the FLSA, an opt-in plaintiff becomes a party to the lawsuit by filing a consent to join with the court. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75, 133 S. Ct. 1523, 1530 (2013) (holding that other employees become parties to a lawsuit brought under the FLSA "by filing written consent with the court.") (citing 29 U.S.C. § 216(b)).

Here, Jason Bowen and Tyler Watson both filed consents with the district court. [Doc. 1-1 at ECF p. 3] (Jason Bowen's signed consent); *Id.* at ECF p. 5 (Tyler Watson's signed consent). That is all that was required for them to become parties to the lawsuit under the FLSA. *See Mickles*, 887 F.3d at 1278 (11th Cir. 2018) ("The plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required.")(citing *Prickett v. DeKalb County*, 349 F.3d 1294, 1296 (11th Cir. 2003) (stating, in a case deciding whether opt-in plaintiffs join individual claims brought by the named plaintiffs or the action as a whole, "by referring to them

as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.")). To be sure, it makes no difference that their consents were filed with the Complaint and before conditional certification. *See e.g., Rafferty*, 2021 U.S. App. LEXIS 20180, at *3 n.2 (11th Cir. July 7, 2021) (finding whether opt-in plaintiffs joined before or after the plaintiff moved for conditional "has no bearing on [their] status as a party plaintiff.").

Accordingly, because they filed consents to join the lawsuit as required by the FLSA, both Jason Bowen and Tyler Watson are parties and have standing to appeal.

## CONCLUSION

In conclusion, the District Court's order dismissing the five opt-in plaintiffs from the lawsuit under Rule 41(a) was both procedurally correct and consistent with established legal precedent.

First, courts from across the nation, including the Eleventh Circuit, have held that opt-in plaintiffs may be dismissed from litigation despite their being other plaintiffs who remain in the case. *See e.g., Mickles*, 887 F.3d at 1280 (11th Cir. 2018) (holding generally where case a case does not proceed collectively "existing opt-in plaintiffs are dismissed from the lawsuit without prejudice and the matter proceeds on the named plaintiff's individual claims.") (citing *Fox*, 519 F.3d at 1301 (11th Cir.

2008) (explaining when district court denied certification of an FLSA collective action, it allowed the named plaintiffs' claims to go forward and dismissed the opt-in plaintiffs without prejudice); *Hipp*, 252 F.3d at 1218 (11th Cir. 2001) (suggesting opt-in plaintiffs should be dismissed without prejudice in an FLSA collective action that is decertified)).

In addition, as interpreted by this Court and other courts, Rule 41(a) allows a single party to be dismissed from an action, so long as all claims brought by or against that party (i.e. the entire action as it relates to that party) are dismissed. *See e.g., Rosell*, 67 F.4th at 1144 n.2 (11th Cir. 2023) ("Our Circuit has recognized that Rule 41(a) allows a district court to dismiss all claims against *a particular defendant*.") (citing *Klay*, 376 F.3d at 1106 (11th Cir. 2004); *Esteva*, 60 F.4th at 677 (11th Cir. 2023)). Here, because the District Court dismissed the five opt-in plaintiffs from the lawsuit entirely, the order dismissing them was valid, and therefore, there is no dispute this Court has appellate jurisdiction.

Second, the District Court intended to dispose of all claims and parties and intended for its judgment to be final. *See* [Doc. 176 at ECF p. 13] ("Based on the foregoing, the Court finds in favor of Defendants and hereby **ORDERS** that **JUDGMENT** be entered in favor of Defendants and against Plaintiffs."); [Doc. 177] (Judgment entered by Clerk). Therefore, notwithstanding the validity of the District

Court's order dismissing the five opt-in plaintiffs, this Court has appellate jurisdiction because the District Court intended to dispose of all claims and parties, and its judgment was final. Cf. *Rosell*, 67 F.4th at 1143 (11th Cir. 2023) ("Because the parties here attempted to use Rule 41(a) to dismiss a single count and not an entire lawsuit, a final judgment was never rendered. We thus lack jurisdiction to hear this appeal, so we dismiss it.").

Finally, Appellants/Opt-in Plaintiffs Jason Bowen and Tyler Watson both filed consents with the District Court to join the lawsuit. [Doc. 1-1 at ECF p. 3] (Jason Bowen's signed written consent); *Id.* at ECF p. 5 (Tyler Watson's signed written consent). Because that is all that was required for them to become parties to the lawsuit under the FLSA, they have standing to appeal. *See* 29 U.S.C. 216(b); *see also Mickles*, 887 F.3d at 1278 (11th Cir. 2018) ("The plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required.").

*    *    *

Accordingly, Appellants respectfully submit that this Court has jurisdiction, including jurisdiction over the claims of Appellants/Opt-in Plaintiffs Jason Bowen and Tyler Watson. Appellants further request all such other relief to which they may be justly entitled.

**Dated: December 23, 2023**          Respectfully submitted,


By: /s/ Drew N. Herrmann
          **Drew N. Herrmann**
          Texas Bar No. 24086523
          drew@herrmannlaw.com
          **HERRMANN LAW, PLLC**
          801 Cherry St., Suite 2365
          Fort Worth, Texas 76102
          Phone: (817) 479-9229

          *Attorney for Plaintiffs-Appellants*

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirement of Rule 32(a)(5), Federal Rules of Appellate Procedure, and the type-style requirements of Rule 32(a)(6), Federal Rules of Appellate Procedure.

/s/ Drew N. Herrmann
Drew N. Herrmann

I hereby certify that on December 23, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to any filing users who may have entered an appearance in this action.

/s/ Drew N. Herrmann
Drew N. Herrmann